Slip Op. 20-38

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| STUPP CORPORATION ET AL., <br><br>    Plaintiffs and Consolidated Plaintiffs, <br><br>and <br><br>MAVERICK TUBE CORPORATION ET AL., <br><br>    Plaintiff-Intervenor and Consolidated Plaintiff-Intervenors, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>SEAH STEEL CORPORATION ET AL., <br><br>    Defendant-Intervenors and Consolidated Defendant-Intervenors. | Before: Claire R. Kelly, Judge <br><br> Consol. Court No. 15-00334 |

## OPINION AND ORDER

[Sustaining the U.S. Department of Commerce's second remand redetermination in the less than fair value investigation of welded line pipe from the Republic of Korea.]

Dated: March 24, 2020

Paul Wright Jameson, Schagrin Associates, of Washington, DC, for plaintiffs, consolidated plaintiff intervenors, and consolidated defendant intervenors Stupp Corporation, a Division of Stupp Bros., Inc. and Welspun Tubular LLC USA. With him was Roger Brian Schagrin.

Gregory James Spak, White & Case LLP, of Washington, DC, for plaintiff intervenor Maverick Tube Corporation, and for plaintiff, consolidated plaintiff intervenor, and defendant intervenor IPSCO Tubulars Inc. With him were Frank J. Schweitzer, Kristina Zissis, Luca Bertazzo, and Matthew W. Solomon.

Elizabeth Anne Speck, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her were Claudia Burke, Assistant Director, Jeanne E. Davidson, Director, and Joseph H. Hunt, Acting Assistant Attorney General. Of Counsel was Reza Karamloo, Senior Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Jeffrey Michael Winton, Law Office of Jeffrey M. Winton PLLC, of Washington, DC, for defendant intervenor, consolidated plaintiff, and consolidated defendant intervenor SeAH Steel Corporation.

Jaehong David Park, Arnold & Porter LLP, of Washington, DC, for Hyundai Steel Company. With him was Henry D. Almond, Daniel Robert Wilson, and Kang Woo Lee. Of counsel was Phyllis L. Derrick.

Kelly, Judge: Before the court for review is the U.S. Department of Commerce's ("Department" or "Commerce") second remand redetermination filed pursuant to the court's order in Stupp Corp. v. United States, 43 CIT __, __, 413 F. Supp. 3d 1326, 1334 (2019) ("Stupp II"). See also Final Results of Redetermination Pursuant to Second Ct. Remand [in Stupp II], Jan. 15, 2020, ECF No. 168 ("Second Remand Redetermination"). In Stupp II, the court remanded Commerce's redetermination in the less-than-fair-value ("LTFV") investigation of imports of welded line pipe from the Republic of Korea ("Korea") for the period of October 1, 2013, through September 30, 2014. See Stupp II, 43 CIT at __; 413 F. Supp. 3d at 1329, 1334; see also Welded Line Pipe From [Korea], 80 Fed. Reg. 61,366 (Dep't Commerce Oct. 13, 2015) (final determination of sales at [LTFV]), as amended by

Welded Line Pipe From [Korea], 80 Fed. Reg. 69,637 (Dep't Commerce Nov. 10, 2015) (amended final determination of sales at [LTFV]) ("Amended Final Determination") and accompanying Issues & Decisions Memo for the Final Affirmative Determination in the [LTFV] Investigation of Welded Line Pipe from [Korea], A-580-876, (Oct. 5, 2015), ECF No. 30-3 ("Final Decision Memo"); Welded Line Pipe From [Korea] and the Republic of Turkey, 80 Fed. Reg. 75,056, 75,057 (Dep't Commerce Dec. 1, 2015) (antidumping duty orders). Specifically, the court ordered Commerce to reconsider or further explain its refusal to reassess Hyundai HYSCO's ("HYSCO") home market viability in light of its decision to remove certain challenged local sales from HYSCO's home market database. See Stupp II, 43 CIT at __, 413 F. Supp. 3d at 1329, 1334.

For its second remand, Commerce explained that it continues to rely on the remaining quantity of HYSCO's home market sales. Second Remand Redetermination at 6. The parties have not filed any comments challenging the results below, and Defendant requests that this court sustain its determination. See Def.'s Notice No Parties Filed Cmts. on [Second Remand Redetermination] & Req. to Sustain, Feb. 21, 2020, ECF No. 180 ("Def.'s Req."). For the following reasons, the court sustains Commerce's Second Remand Redetermination.

## BACKGROUND

The court presumes familiarity with the facts of this case, as set out in the previous two opinions ordering remand to Commerce, and now recounts the facts relevant to the court's review of the Second Remand Redetermination. See Stupp

Consol. Court No. 15-00334 Page 4

Corp. v. United States, 43 CIT __, __, 359 F. Supp. 3d 1293, 1296–1300 (2019) ("Stupp I"); see also Stupp II, 43 CIT at __, 413 F. Supp. 3d at 1329–30. On November 4, 2015, Commerce published its amended final determination pursuant to its antidumping duty ("ADD") investigation of welded line pipe from Korea. See generally Amended Final Determination. Commerce calculated weighted-average dumping margins of 6.23 percent for HYSCO, 2.53 percent for SeAH Steel Corporation ("SeAH"), and 4.38 percent for the all-others rate. See Amended Final Determination, 80 Fed. Reg. at 69,638. Pursuant to USCIT R. 56.2, Stupp Corporation, a division of Stupp Bros., Inc., IPSCO Tubulars Inc., and Welspun Tubular LLC USA (collectively "Stupp et al." or "Plaintiffs"), SeAH, and Maverick Tube Corporation ("Maverick") brought a consolidated action on several motions for judgment on the agency record before this court, challenging various aspects of Commerce's final determination. See Pls. [Stupp et al.'s] Mot. J. [Agency] R. Pursuant Rule 56.2, July 5, 2016, ECF No. 39; Mot. Pl. SeAH [ ] J. Agency R., July 5, 2016, ECF No. 40; Pl.-Intervenor [Maverick]'s Rule 56.2 Mot. J. Agency R., July 5, 2016, ECF No. 41.

The court sustained several aspects of Commerce's initial determination, but remanded Commerce's decision to include certain challenged local sales in HYSCO's home market sales database. See Stupp I, 43 CIT at __, 359 F. Supp. 3d at 1297–98. The court also ruled that Commerce "abused its discretion by rejecting Maverick's supplemental case brief" on the issue of HYSCO's revisions to its sales databases. Id.

Consol. Court No. 15-00334                                                                                         Page 5

at __, 359 F. Supp. at 1297–98, 1311–1313. On remand, Commerce excluded the challenged sales, resulting in a revised margin of 6.22 percent. See Final Results of Redetermination Pursuant to Ct. Remand Order [in Stupp I] Confidential Version at 13–14, May 2, 2019, ECF No. 134 ("Remand Redetermination") ("Remand Redetermination").[1] However, Commerce declined to consider whether the exclusion of the challenged sales rendered the home market not viable for purposes of calculating normal value. See Remand Redetermination at 13. The court remanded the issue of HYSCO's home market viability to Commerce for reconsideration. See Stupp II, 43 CIT at __, 413 F. Supp. 3d at 1334.

On remand, Commerce considered HYSCO's home market viability. See Second Remand Redetermination at 3–6. Commerce explained that it found HYSCO's remaining home market sales to be viable because it found that the remaining quantity of sales were "large enough to serve as a robust pool of sales for calculating [normal value] for comparison to U.S. Sales . . . without resorting to [constructed value.]" Second Remand Redetermination at 6.

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i) (2012)[2] and 28 U.S.C. § 1581(c)

---

[1] The all-others rate remained at 4.38 percent. See Remand Redetermination at 13–14.

[2] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2012 edition.

(2012), which grant the court authority to review actions contesting the final determination in an investigation of an antidumping duty order. The court will uphold Commerce's determination unless it is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). "The results of a redetermination pursuant to court remand are also reviewed 'for compliance with the court's remand order.'" Xinjiamei Furniture (Zhangzhou) Co. v. United States, 38 CIT __, __, 968 F. Supp. 2d 1255, 1259 (2014) (quoting Nakornthai Strip Mill Public Co. v. United States, 32 CIT 1272, 1274, 587 F. Supp. 2d 1303, 1306 (2008)).

## DISCUSSION

In Commerce's Second Remand Redetermination, Commerce explains that it continues to find HYSCO's remaining sales viable because it found that the remaining quantity of sales were "large enough to serve as a robust pool of sales for calculating [normal value] for comparison to U.S. Sales . . . without resorting to [constructed value.]" Second Remand Redetermination at 6. Specifically, Commerce found that the remaining above cost market sales "provide identical or similar matches to all of Hyundai HYSCO's U.S. sales, without resort to [constructed value.]" Id. at 6 (citing Remand Calc. Memo, CD 4, bar code 3803670-01 (Mar. 12, 2019)).[3] Commerce's explanation is reasonable and in compliance with this court's order in

---

[3] On May 20, 2019, Defendant filed indices to the public and confidential administrative records underlying Commerce's remand determination, on the docket, at ECF No. 137. This citation refers to that index.

Consol. Court No. 15-00334    Page 7

Stupp II. As this court explained in its previous opinion, when the aggregate quantity of home market sales falls below a level that would normally suffice to permit a proper comparison between export price and normal value, Commerce must explain its decision to continue relying on those sales. See Stupp II, 43 CIT at __, 413 F. Supp. 3d at 1333–34; see also 19 U.S.C. §§ 1677b(a)(1)(C), 1516a(b)(1)(B)(i); 19 C.F.R. § 351.404(b)(2) (2014). Commerce continues to assert that given how far into the proceeding the allegation concerning the viability of Hyundai HYSCO's home market arose, it would have lacked sufficient time to analyze alternate normal value sources before the preliminary determination. Importantly though, here, Commerce explains that information on the record was sufficient to allow Commerce to engage a proper comparison and Commerce had a reasonable basis to deviate from its normal practice. The parties below did not file comments on Commerce's redetermination. See generally Def.'s Req. The court sustains Commerce's Second Remand Redetermination.

## CONCLUSION

Judgment will be issued accordingly.

                                              /s/ Claire R. Kelly
                                              Claire R. Kelly, Judge

Dated:     March 24, 2020
              New York, New York