UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| STUPP CORPORATION, ET. AL., | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| UNITED STATES, | ) | |
| Defendant, | ) | Consolidated Court No. 15-00334 |
| and | ) | |
| SEAH STEEL CORPORATION AND HYUNDAI STEEL CORPORATION | ) | |
| Defendant-Intervenors and Consolidated Defendant-Intervenors. | ) | |

ORDER

Upon consideration of Defendant's Motion to Extend the Time Within Which to File the Remand Results, the Response thereto by SeAH Steel Corporation, and all other papers and proceedings herein, it is hereby

ORDERED that Defendant's Motion is DENIED.

Signed: _____
Claire R. Kelly, Judge

Dated: _____
New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE CLAIRE E. KELLY, JUDGE

| | |
|---|---|
| STUPP CORPORATION, ET. AL., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> SEAH STEEL CORPORATION AND HYUNDAI STEEL CORPORATION <br><br> Defendant-Intervenors and Consolidated Defendant-Intervenors. | Consolidated Court No. 15-00334 |

RESPONSE OF SEAH STEEL CORPORATION
TO DEFENDANT'S MOTION TO EXTEND THE DEADLINE
WITHIN WHICH TO FILE THE REMAND RESULTS

In its motion dated March 17, 2022, Defendant has asked this Court to extend the deadline for filing the remand results in this proceeding by one week. Defendant claims that this extension is needed because Commerce granted an extension requested by SeAH Steel Corporation. As discussed more fully below, Defendant's description of Commerce's actions is inaccurate and misleading. Furthermore, it is evident that Defendant failed to consult in good faith with SeAH regarding the schedule of the remand proceeding and the proposed extension of the deadline for Commerce to file its

redetermination with the Court. In such circumstances, Defendant's motion should be denied.

The history of the remand proceeding is as follows: After the announcement of the decision by the Court of Appeals of the Federal Circuit in the appeal of this case, this Court, by order dated October 8, 2021, remanded this case to Commerce and simultaneously ordered the parties to confer and to submit a proposed briefing schedule by October 28. On October 21, counsel for Defendant emailed the other parties with the following proposal:

> As you know, the Court has remanded this case to Commerce following the Fed Cir decision and has asked for the parties to submit a briefing schedule next Thursday, 10/28. Commerce has indicated that they will need 150 days for the remand proceedings. This will include reopening the record to accept additional filings, analysis of any additional filings, and any related briefing. Therefore, we proposed that the parties submit to the Court a request for the remand redetermination to be due within 150 days and that the Court direct the parties to file a briefing schedule for additional CIT proceedings within 10 days after the redetermination. Please let me know your position on this as soon as is convenient.

None of the parties objected to Defendant's proposed schedule. On October 28, Defendant's counsel submitted an unopposed motion to establish a scheduling order incorporating its proposal. The Court issued an order adopting that schedule on October 29.

On the same date, Commerce issued a letter asking SeAH to submit for the record all of the academic publications that had been cited by the CAFC's decision. SeAH submitted the requested documents on November 5 in accordance with the deadline established by Commerce. On November 8, Commerce informed SeAH that its November 5 submission was being rejected because SeAH had treated copyrighted materials as proprietary

information and had redacted them from the public version of its submission. On November 12, after discussing the treatment of copyrighted material further with Commerce, SeAH resubmitted the relevant publications, treating any portions of the copyrighted materials that had been quoted or submitted publicly in SeAH's previous submissions as publicly-available information. On November 19, the Domestic Interested Parties submitted an excerpt from one of the publications to "rebut, clarify, or correct the information" submitted by SeAH.

Nothing further was heard from Commerce about this remand until March 8 — a full 109 days after the Domestic Interested Parties submitted their "rebuttal" information — when Commerce released a 33-page draft redetermination on remand. In its March 8 draft, Commerce provided a new statistical analysis of the frequency and proportion of cases affected by application of the Differential Pricing Analysis for all of the determinations it made during calendar-years 2015 and 2021. The draft determination indicated that further details relating to this statistical analysis were contained in attachments to the draft redetermination. But, in reality, Commerce had not included any attachments in the document that was released to the parties.

Commerce's March 8 draft redetermination indicated that comments from the parties were due within one week, by March 15. SeAH responded on March 9 with a letter pointing out that the attachments referenced in the draft redetermination had not been disclosed to the parties, and also noting that the statistical analysis described in the draft redetermination constituted new factual information under Commerce's previous practice.[1]

---

[1] Commerce has made clear that analyses of the frequency and proportion of data is a "statistical analysis." As Commerce has observed,

*(footnote continued on following page)*

SeAH therefore requested that the schedule be modified to allow 14 days for the parties to submit factual information to "rebut, clarify, or correct the information" included in Commerce's draft redetermination, as required by 19 C.F.R. § 351.301(c)(4), and that the parties be allowed an additional period of at least 14 days to comment on the new analysis and information contained in Commerce's draft redetermination and in any rebuttals submitted by the party. In this regard, SeAH expressly stated that it would agree to a

---

*(footnote continued from previous page)*
> A "statistical analysis" is another name for data analysis – what the Department does in every proceeding to calculate a weighted-average dumping margin or a cost of production. In this context, "data" and "statistical" can be considered synonymous, just as data and statistics can be as well as well (*e.g.*, import statistics are simply data points which quantify the imports of a given country). As an example, a one pound bag of M&Ms will have candy with blue, green, yellow, red and brown coatings. To count up the number of each color in this individual one pound bag and to calculate the percentages of each color relative to the total number of candies in the bag is a statistical analysis. Likewise, a "statistical measure" is merely a value which quantifies some aspect in a statistical analysis. The number (*i.e.*, frequency) and proportion of each color of candy in the one pound bag of M&Ms are each statistical measures."

*See Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Welded Line Pipe from the Republic of Korea,* Oct. 5, 2015, at 21.

   Furthermore, Commerce has also made clear that such analyses constitute factual information. Indeed, the Department's original determination in the WLP investigation rejected efforts by SeAH to submit statistical analyses of data that was already on the record, and that rejection was upheld by both this Court and CAFC. *See Stupp Corp. v. United States*, 359 F. Supp. 3d 1293, 1301 (Ct. Int'l Trade 2019); *Stupp Corp. v. United States*, 5 F.4th 1341, 1349-50 (Fed. Cir. 2021).

- 4 -

modification of the deadline for submission of the remand determination to the Court to accommodate these additional procedures.[2]

In a letter dated March 10, Commerce responded to SeAH's March 9 request. In that response, Commerce denied that its draft redetermination contained new factual information, and it rejected SeAH's request for an opportunity to provide factual information in response. Commerce also rejected SeAH's request for an extension to address the new statistical analysis contained in Commerce's draft redetermination. However, Commerce conceded that the attachments to the draft redetermination had incorrectly been omitted from the document released to the parties, and it therefore made those attachments available to the parties in a separate disclosure on March 10.[3]

SeAH responded to Commerce's March 10 letter with a letter on the same date requesting a 10-day extension of the deadline for comments on the draft redetermination. On March 11, Commerce replied with a letter indicating that it had extended the deadline from Tuesday, March 15 to Wednesday, March 15. On March 14, Commerce issued a Memorandum clarifying that the extended deadline was meant to be Wednesday, March 16 — that is, one day after the original deadline, and only six days after the attachments to the draft redetermination had been made available to the party.

---

[2] *See* SeAH's March 9, 2022, Letter at 2 ("In this regard, we note that we will agree to a modification of the scheduling order regarding the deadline for the final remand redetermination at the U.S. Court of International Trade to accommodate the additional administrative procedures requested herein.").

[3] The memorandum disclosing the attachments was dated March 9, but was uploaded to Commerce's online "ACCESS" system late in the day, and therefore was not actually available to the parties until March 10.

SeAH responded again on March 14 suggesting that Commerce's conduct of the remand and its refusal to allow an adequate extension were indicative of bad faith, and requesting, *inter alia,* a meeting with the Assistant Secretary for Import Administration to discuss that conduct. SeAH's March 14 letter also requested that Commerce at a minimum allow an extension of three business days — from Wednesday, March 16, to Monday, March 21. On March 15, Commerce informed SeAH that it had agreed to grant only a partial extension, establishing a new deadline of 10 a.m. on Monday, March 21. In other words, Commerce allowed an extension of only two business days (Thursday and Friday, March 17 and 18) and one additional business hour (from 9:00 a.m. to 10:00 a.m. on Monday, March 21).

On March 16, the day after Commerce informed SeAH of this extension, counsel for Defendant contacted SeAH's counsel to request that Commerce be allowed an additional seven days to file its redetermination on remand with the Court. Defendant asserted that this additional time was required because "Commerce has granted SeAH's request for additional time to submit its comments to Commerce's draft remand results." In response, SeAH's counsel informed Defendant's counsel that SeAH did not consent to the proposed extension, because it was not commensurate with the extraordinarily limited amount of additional time that Commerce had given SeAH for its comments. On March 17, Defendant's counsel filed its motion to modify the deadline for submission of the redetermination on remand to the Court.[4]

---

[4] On March 21, SeAH filed its comments on Commerce's draft redetermination with Commerce.

In its March 17 motion, Defendant asserted that Commerce requires additional time to complete its redetermination, because "Commerce granted SeAH's extension request allowing it to submit its comments by 10 a.m. on Monday, March 21, 2022."[5] However, as the history described above makes clear, Defendant's assertion is misleading at best. Commerce did not grant any of SeAH's extension requests in full. To the contrary, Commerce rejected SeAH's request for an opportunity to submit new factual information in response to the new analysis and information in the draft redetermination, as well as its request for a 14-day period to comment on that information. Commerce rejected SeAH's subsequent request for a 10-day extension to comment on the draft redetermination. And, Commerce also refused to grant the full three-business-day extension that SeAH requested after its two previous requests had been rejected.

Commerce's insistence on insufficient deadlines is especially egregious in this case, in light of the fact that Commerce had asked for and received 171 days from the date of the Court's October 8 order to complete the remand. It is not SeAH's fault that Commerce chose to take 150 days (from October 8, 2021, to March 8, 2022) to complete its draft redetermination, and left itself only 20 days for the parties to comment and for Commerce to complete its redetermination. Despite Commerce's dilatory behavior, SeAH expressed a willingness to modify the deadline for Commerce's completion of the remand if Commerce would use the additional time to allow the parties a reasonable period to respond to the draft. But Commerce decided not to take SeAH up on that proposal. Instead, Commerce insisted on conducting the remand proceeding in a manner that did not

---

[5] *See* Defendant's Motion at 2.

allow adequate time for the parties to comment or for Commerce to respond to those comments within the lengthy period that Commerce had been given for the remand.

In light of Commerce's mismanagement of the already-lengthy period allowed for the remand redetermination, and its failure to consult in good faith with the parties regarding the schedule for the remand proceeding, we respectfully request that the Court deny Defendant's request to extend the deadline to submit the final remand redetermination. Furthermore, in the event that the Court decides to allow Commerce additional time to complete its remand determination, that extension should be limited to the same two business days plus one business hour that Commerce allowed SeAH, which means that Commerce's redetermination would then be due at 10:00 a.m. on March 31.

Respectfully submitted,

/s/Jeffrey M. Winton

Jeffrey M. Winton
WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C. 20036
(202) 774-5503

Attorney for SeAH Steel Corporation

March 24, 2022